# PARKER HANSKI LLC

40 W<small>ORTH</small> S<small>TREET</small>, S<small>UITE</small> 602
N<small>EW</small> Y<small>ORK</small>, N<small>EW</small> Y<small>ORK</small> 10013
P<small>HONE</small>: 212.248.7400
F<small>AX</small>:     212.248.5600
Contact@ParkerHanski.com

November 1, 2022

<u>Via ECF</u>
The Honorable Lorna G. Schofield
United States District Judge
United States District Court

  **Re:** *Dan Gropper v. 47th Hotel Associates LLC and Logans Sanctuary LLC*
     **Docket No. 1:22-cv-04080 (LGS)(BCM)**

Dear Judge Schofield:

  We represent the plaintiff in the above-entitled action. Pursuant to Section III.C.3 of Your Honor's Individual Rules of Practice and Local Rule 37.2, plaintiff respectfully asks the Court to schedule an informal conference to resolve a discovery dispute. The discovery dispute concerns defendants' deficient responses to plaintiff's request for documents and interrogatories. Plaintiff has had two telephone conferences with defendants concerning this discovery dispute as well as multiple email communications.

## **FINANCIAL DOCUMENTS**

  This ADA action seeks to compel the defendants to remediate architectural barriers. Defendants' Answer to the Complaint raised the financial defense of "not readily achievable." See the Fifth and Sixth affirmative defenses in Defendants' Answer (ECF Document #13, page 11). Plaintiff's Request for Documents Nos. 12, 16, 17 and 18, seek documentation concerning the Defendant's finances inclusive of its tax returns, financial operating reports, and financial statements. Defendants object to producing financial documents based on relevancy, unduly burdensome, confidentiality, invasion of privacy etc.

  As explained below, Defendants have placed their finances at issue in this litigation by asserting affirmative defenses that involve the finances of the defendants. Per the ADA, a defendants' financial information is relevant to the defense of "readily achievable." See 42 U.S.C. § 12181(9) which defines "readily achievable" and identifies the "overall financial resources" of the public accommodation defendant as a dispositive factor that must be considered by the Court in making a determination as to whether remediation is readily achievable.

  The caselaw is clear that production of tax returns and financial documents are relevant and proper when a public accommodation defendant raises a "readily achievable" defense. *See Brown v. McKinley Mall*, 2017 WL 2332330, at * 3 (W.D.N.Y. May 30, 2017) (overruling defendants objections to producing financial documentation and holding that "the ADA itself makes the financial circumstances of a property owner accused of discrimination based on a refusal to remove barriers to access to a public accommodation under the ADA, such as the

McKinley Mall, a relevant factor to be considered on the question of whether a proposed barrier removal is readily achievable.") and *see also Grey v. Overton Square, LLC*, 2021 WL 5989050, at *4-*5 (W.D.Tenn. Dec. 17, 2021) (in an ADA case involving discovery requests for a defendants' financial documents, the Court held that the defendants finances were a relevant issue for discovery on the readily achievable defense and ordered the defendants to "produce financial statements (specifically balance sheets, income statements, cash flow statements, and statements of shareholders'/owners' equity) and federal and state tax returns for 2018, 2019, and 2020").

While not dealing with a dispute over the production of financial documentation, the decision in *Kreisler v. Second Avenue Diner*, 2012 WL 3961304 at *2 and fn. 2 (S.D.N.Y. Sept 12, 2012) affirmed by 731 F.3d 184 (2nd Cir. 2013) is instructive because the court based its analysis on defendants' finances and tax returns in determining whether accessibility remediation was readily achievable. The District Court in *Kreisler* analyzed the Defendants annual profits and held that the "Court finds that construction of a permanent ramp outside the Diner would be readily affordable based on the Diner's annual profits of roughly $23,383… the Court finds that a ramp along the outside of the Diner is readily achievable based on cost." *Id.* at *7. Overall, defendants cannot use their finances as a sword to defeat liability while at the same time shield it from disclosure.

## IMPROPER RESPONSE TO REQUESTS

In response to Plaintiff's Request for Documents Nos. 4, 8, 10, 11, 13, 14, 15, 19, 20, 21, 22, and 23, Defendants propound boilerplate objections and then state that notwithstanding the foregoing "Defendants will provide expert discovery in accordance with the Federal Rules of Civil Procedure…" Defendants' response is bizarre and improper because none of these document requests even mentioned the word "expert" from which to reasonably believe that these requests were seeking documents from an expert. Plaintiff has informed defendants that none of those requests for documents seek the production of documents from any expert. Defendants must therefore provide responsive documents or, if no responsive documents exist, then state so in the response.

## BOILERPLATE OBJECTIONS

Defendants refuse to provide documents and information based on boilerplate objections. Specifically, Defendants' Responses to Requests Nos. 1, 2, 7, 24 and 25 make numerous objections such as "overly broad, unduly burdensome etc.". The same is also true for Defendants Response to Plaintiff's Interrogatories Nos. 7, 8, 10, 11, 12, and 23. But Defendants' responses made no explanation at all as to how and why disclosure of the requested documents and information was overly broad or would be particularly burdensome. *Melendez v. Greiner,* 2003 WL 22434101, at * 1 (S.D.N.Y. Oct. 23, 2003) ("Where a party resists discovery of certain information, the burden is on that party to clarify and explain precisely why its objections are proper.").

**NO PRIVILEGE LOG**

In responding to many of plaintiff's Request for Documents and Interrogatories, Defendants refuse to provide documents and information on the grounds of privilege but attach no privilege log. Local Civil Rule 26.2 directs that parties asserting privilege shall provide a privilege log and failing to timely provide a privilege log can result in waiver. *See Smith v. Franklin Hosp. Medical Center,* 2005 WL 2219294, at *2 (E.D.N.Y. Sept. 25, 2005).

**DEFICIENT RESPONSE TO PLAINTIFF'S INTERROGATORIES**

Defendants' response to Interrogatories Nos. 1 and 2 sought the identity of entities with ownership interest in the defendants and the property at issue. Defendants objected based on Local Rule 33.3. Also, in response to no. 1, Defendants stated that they "will supplement this response shortly" in their September 15, 2022 response but have not supplemented to date. It is Plaintiff's position that the identities of entities with ownership interests fall within Local Rule 33.3's permission to request the identity of "witnesses" and will resolve any later issues as to responsible parties and potential missing defendants.

**IMPACT ON DEADLINES**

This outstanding above discovery significantly impacts the current deadlines in that plaintiff cannot meet the deadlines without obtaining these documents or a resolution of this dispute. For example, plaintiff needs these documents to take fact depositions (current deadline is December 1, 2022) and to prepare his expert report (current deadline is November 18, 2022).

**Accordingly, at the informal conference to resolve these discovery disputes, Plaintiff will respectfully ask the Court to extend the deadlines in the Scheduling Order by thirty (30) days from the date that defendants provide the responsive documents and information. Finally, plaintiff's counsel is out of the country from November 4 to November 12 and thus respectfully asks the Court to schedule the informal conference for November 14, 15, 18, 22, or 23 of 2022.**

Thank you for your time and attention to this matter. With kindest regards, I am

very truly yours,

/s/

Glen H. Parker, Esq.

Defendants shall file a response, not to exceed three pages, by **November 8, 2022, at 12:00 P.M.** A telephone conference will be held to discuss this motion on **November 9, 2022, at 4:00 P.M.** At that time, the parties shall call 888-363-4749 and use the access code 558-3333. So Ordered.

Dated: November 2, 2022
    New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3